LUTHER CAIN *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

October 15, 1888.

Carriers—Liability—Ejecting Passenger.—A railway company is liable for the acts of those in charge of one of its trains, in expelling a passenger from it.

Plaintiff brought this action in the district court for Scott county to recover for injuries sustained by reason of his being violently thrown from one of defendant's trains (on which he alleged he was a passenger) by one of defendant's brakemen. At the trial, before *Edson,* J., there was evidence tending to prove these facts: On the night of July 10, 1886, a freight train of defendant stopped at New Prague, going north to Minneapolis. Under defendant's rules some of its freight trains were allowed to carry passengers, although this train was not; but this latter fact was not known to defendant, who asked the conductor for passage to Minneapolis, and was told by him, "You can ride if you have some stuff." Defendant then climbed upon

an empty flat car, and the train at once started. Soon afterwards a brakeman came along and ordered him off the train, saying it did not carry passengers, and then suddenly seized him and violently pushed him from the rear of the car, so that he fell between the cars and was run over, and his leg was cut off, the train then moving at the rate of about 15 miles an hour. The plaintiff had a verdict of $4,000, a new trial was refused, and the defendant appealed.

*H. J. Peck*, for appellant.

*Levi M. Vilas*, for respondent.

GILFILLAN, C. J. The acts of defendant's servants in putting plaintiff off the train were a violation of the duty to safely carry him,—a duty it had intrusted to its servants in charge of the train. The acts of those servants in and about the management of the train, and in receiving, excluding, or putting off passengers, were the acts of defendant. The complaint shows sufficiently that the relation of carrier and passenger existed between defendant and plaintiff, and that those in charge of the train wrongfully expelled him from it when it was going at a rate of speed that rendered it very dangerous. Defendant is responsible for such acts of its servants. *Du Laurans* v. *First Div., etc., R. Co.*, 15 Minn. 29, (49.) The other points made need not be mentioned.

Order affirmed.