THE SAVANNAH STREET, ETC. RAILROAD CO. *v.* BRYAN.

A railroad company is responsible to a passenger for a battery by the conductor, committed first on the car, and repeated shortly afterwards at the office of the company whither the passenger had gone to make complaint to the superintendent. The passenger having been badly beaten, kicked, cut with a knife and his arm broken, a verdict for $2,000 is not excessive.

December 10, 1890.

Railroads. Passengers. Damages. Verdict. Before Judge HARDEN. City court of Savannah. July term, 1890.

Reported in the decision.

LAWTON & CUNNINGHAM and E. S. ELLIOTT, for plaintiff in error.

GARRARD & MELDRIM, contra.

BLECKLEY, Chief Justice.

The jury found for the plaintiff below $2,000. The motion for a new trial complains of no error by the court, but attacks the verdict as contrary to law, to evidence, etc., and as excessive in amount. The motion was overruled. This was an approval of the verdict by the presiding judge.

Treating the testimony of the plaintiff and his witnesses as reliable and as presenting the whole truth of the case, there can be no doubt that the verdict was warranted in all respects. The plaintiff, being a passenger on a street-car, was called upon by the conductor for his fare. He had money in his pocket, and telling the conductor to wait a minute, was feeling for a nickel when he was seized by the conductor and ordered off the car. A struggle ensued and the conductor kicked him off the platform, the car being in rapid motion. The plaintiff then repaired immediately to the office of the company for the purpose of making complaint to the superintendent. He reached the office in about 18 or 20 minutes. The conductor arrived at or near the same time. The conductor cursed him, kicked him again twice, hit him with his fist, and shoved him away. Others present took part with the conductor, and plaintiff was badly beaten. The conductor plunged a knife into him. His left arm was broken, and the cut with the knife was in the back of the head. He became unconscious, and was afterwards picked up by a police-

man some two blocks distant from the office. He could not say exactly where and at what time he was cut, but he saw the conductor, while on the platform of the office, draw a knife from his pocket and open it with his teeth. The evidence adduced by the company conflicted with this account in several material respects, but that conflict counts for nothing on this writ of error, the jury having found in favor of the plaintiff and their finding having been approved by the presiding judge. The company is responsible for the unlawful violence and misbehavior of its employees, both on the cars and at the office. *Gasway* v. *Railroad Company*, 58 *Ga.* 216 ; *Peeples* v. *Railroad Company*, 60 *Ga.* 281 ; *Western & Atlantic Railroad* v. *Turner*, 72 *Ga.* 292 ; *City & Suburban Railway* v. *Brauss*, 70 *Ga.* 368; *Christian* v. *Railway Company*, 79 *Ga.* 460.

There was no error in denying the motion for a new trial.            *Judgment affirmed.*