Filed February 3, 1893.

---

No. 711.

## INDIANAPOLIS UNION RAILWAY COMPANY v. COOPER.

RAILROAD.—*Complaint for Damages.*—*Assault and Battery by Employe.*—*Duty of Company to Protect Passenger.*—*Acting in Scope of Authority.*—*When a Passenger.*—*Liability of Company.*—*Gist of Action.*—An action was brought against a railway company to recover damages for an assault and battery by one of the company's servants. The complaint stated in substance, that the company was a duly organized corporation, owning and controlling the union depot and station at Indianapolis, and assumed control of the station and ticket offices therein, and of the gates and ways leading to the trains; that, by the rules and usages of the company, it was the duty of gatemen to stand at the gateways through which passengers must pass in going to and from the cars upon the tracks, and to inspect the tickets of persons passing through said gateways to the cars, and to prevent parties from passing through the gates, who, for any reason, ought not to be allowed to pass, etc., and to keep the passage-ways near and through the gates free from obstruction; that the plaintiff was waiting in the station with a proper ticket, and when the caller announced the arrival of his train, and its readiness to receive passengers, plaintiff, with others, started to go to the train, and on arriving at said gateway, one of the gatemen, without cause or provocation, assaulted, beat, and cursed the plaintiff; that at the time of said assault, the gateman was an employe and servant of the defendant, and on duty.

Held, that it sufficiently appears from the allegations of the complaint that the servant was acting within the scope of his employment, and that he committed the assault while the plaintiff was properly on the master's premises, and under the charge of the master's servants, and entitled to their protection.

Held, also, that the company owed to plaintiff the affirmative duty to protect him from the violence and insults of its own servants, and that for a breach of this duty it is liable, irrespective of the fact whether or not the servant, in the performance of the act, was within the scope of his employment.

*Held,* also, that one who has purchased a ticket and is passing at the proper time from the depot to the train, is a passenger, and entitled to the rights of a passenger.

*Held,* also, that the gist of the action was the unlawful attack upon the appellee, within the defendant's depot, and by defendant's servants; and the precise point at which the attack took place was immaterial.

From the Marion Superior Court.

*A. Baker* and *E. Daniels,* for appellant.

*J. E. McCullough* and *L. P. Harlan,* for appellee.

GAVIN, J.—This is an action by appellee to recover damages for an assault and battery committed upon him by the servants of appellant.

The sufficiency of the complaint was tested by demurrer, and it is here claimed that this demurrer should have been sustained.

The complaint alleges, among other things, that appellant is a duly organized union railway corporation, owning and controlling the depot and station at Indianapolis, where the various railroads receive and discharge their passengers, together with the tracks upon which the trains enter the same; that appellant, by its servants, assumed and exercised the control and management of said station, and the ticket offices therein, and of the gates and ways leading to the trains; "that under the rules and usages of the defendant (appellant) it is, and at all such times has been, the duty and practice of the 'gatemen' in said depot to stand at the gateways through which passengers must pass in going from such waiting room to the cars upon said tracks, and there to inspect the tickets of parties passing through said gateways to such cars, and to prevent persons not supplied with tickets—and all others who, for any reason ought not to do so—from passing through said gates, and to inform passengers upon what part of said tracks their respective trains are standing, and to keep the passageways through and near said gates free from unnecessary crowds of people, or other obstructions that might hinder

Indianapolis Union Railway Company *v.* Cooper.

passengers in going to and from such trains;" that appellee was in waiting at said station, with a proper ticket, to take the train over the Jeffersonville, Madison and Indianapolis road to Columbus, when the caller announced the arrival of his train and its readiness to receive passengers, and that then "plaintiff, with a number of others, started to go to said train, and when the plaintiff had reached a point near the said gateway above mentioned, and through which it was necessary for the plaintiff to pass, one of the gatemen at said gate, whose name is to plaintiff unknown, assaulted the plaintiff in a rude and insolent manner, and cursed the plaintiff and applied to him grossly abusive and insulting epithets, and with great force and violence seized, and jerked, and pushed, and beat the plaintiff; that at the time of said assault upon the plaintiff, the said gateman so assaulting him was one of the employes and servants of the defendant, and on duty at such gate, charged with the said duties, and clothed with the authority of a gateman, as in the complaint above set forth; that said attack upon the plaintiff and abuse of him was wholly unprovoked, wrongful, unlawful, and without any cause whatever.

Counsel for appellant insist that, under these allegations, it does not appear that the gateman was acting within the scope of his employment, but that it is apparent that he had left his master's work and engaged in an independent warfare of his own.

It seems to us reasonably clear, from the allegations of the complaint, that the servant was, at the time of doing the acts complained of, on duty for his master, and at or near his proper place, and that the assault was committed upon appellee while he was properly on the master's grounds and under the charge of the master's servants, and entitled to their protection rather than their abuse.

It was within the general scope of the gateman's duty to lay hands upon and use force if necessary, in proper cases,

to prevent persons from going through the gate, or to compel their return if they improperly passed it. *Dicker-man* v. *St. Paul Union Depot Co.* (Minn.), 45 Am. and Eng. R. R. Cas. 596; *Carter* v. *Louisville, etc., R. W. Co.*, 98 Ind. 552.

Moreover, the appellee did not bear the relation of a stranger to the appellant, but, on the contrary, it owed to him an affirmative duty to protect him from the violence and insults of its own servants at the station.

It is well settled that one who has purchased his ticket, and is passing at the proper time from the depot to the train, is a passenger, and entitled to the rights of a passenger. Cooley on Torts, *644; *Warren* v. *Fitchburg R. R. Co.*, 8 Allen, 277; *Gordon* v. *Grand St. R. R. Co.*, 40 Barb. 546; Patterson's Railway Accident Law, section 219.

It is clear that this Union Railway Company had assumed to carry out a portion of the obligations owed by the railroad companies whose lines ran into Indianapolis to the traveling public, and this being true, this company assumed, also, toward the passengers the same liability within the sphere of its operations as rested upon the railroad companies from whose shoulders it took the burden.

One of the prime duties resting upon a railroad company is to protect its passengers from assaults and injuries by its servants, nor does the question of its liability for a breach of this duty depend upon whether or not the servant, in the performance of the act, is within the scope of his employment. 2 Wood on Railway Law, section 315; *Craker* v. *Chicago, etc., R. W. Co.*, 36 Wis. 657; *Goddard* v. *Grand Trunk, etc., R. W. of Canada*, 57 Me. 202; *Bryant* v. *Rich*, 106 Mass. 180; *Chicago, etc., R. R. Co.*, v. *Flexman*, 103 Ill. 546; *Stewart* v. *Brooklyn, etc., R. R. Co.*, 90 N. Y. 588; *Cain* v. *Minneapolis, etc., R. W. Co.*, 39 Minn. 297; *Dillingham* v. *Anthony*, (Tex.) 11 S. W. Rep. 139; *Dwinelle* v. *New York Central, etc., R. R. Co.*, (N. Y.) 44 Am. and Eng. R. R. Cas. 384; *Williams* v. *Pullman Pal. Car Co.*, (La.) 3 S. Rep.

631; *Terre Haute, etc., R. R. Co.,* v. *Jackson,* 81 Ind. 19; *Louisville, etc., R. R. Co.* v. *Kelly,* 92 Ind. 371; *Wabash R. W. Co.* v. *Savage,* 110 Ind. 156.

From an examination of this case, it is plain that the rule asserted by counsel, and which is laid down in *Smith* v. *Louisville, etc., R. R. Co.,* 124 Ind. 394, is applicable to dealings between the servant and a stranger, as was held in that case, but not as to one to whom the master owes an affirmative duty.

We are of opinion, therefore, that the complaint was sufficient.

It is also argued that, under the complaint, the appellee could only recover by proof of the attack made *before* he had entered or passed the gate, and this question is raised on the instructions. We can not concur in this view. The precise point at which the attack took place, whether immediately before or immediately after passing through the gate, or while in the act of passing through was wholly immaterial. The gist of the action was the unlawful attack upon appellee within appellant's depot and station, and by its servants. We do not see how there can be any doubt about this judgment being a bar to any further suit arising out of this transaction. There is nothing to indicate more than the one occurrence. Were an amendment necessary upon such a point as this, the court would consider it as having been made. *Louisville, etc., R. W. Co.* v. *Overman,* 88 Ind. 115.

The cases cited by appellant upon this point, *City of Huntington* v. *Mendenhall,* 73 Ind. 460, and *Cleveland, etc., R. W. Co.* v. *Wynant,* 100 Ind. 160, fall far short of sustaining it. In the first case cited two separate accidents were proved occurring at different occasions and in a different manner, and it was plain the injury was not received upon the occasion of the accident set up in the complaint. There being no injury as a result of that accident, there was no recovery allowed. In the latter case there was also

held to be a failure of proof as to a matter material and vital to the case.

The instruction given was not erroneous, nor was there any error in the refusal to give the instruction asked.

The judgment is affirmed, with costs.

