BARROW S. S. CO., Limited, v. KANE.

(Circuit Court of Appeals, Second Circuit. June 24, 1898.)

No. 98.

1. CARRIERS—INJURY TO PASSENGER—INDEPENDENT CONTRACTORS.

A carrier's obligation to transport his passengers safely cannot be shifted from himself by delegation to an independent contractor, and it extends to all the agencies employed, and includes the duty of protecting the passenger from an injury caused by the act of any subordinate or third person engaged in any part of the service required by the contract of transportation.

2. SAME.

The agents of a steamship company were charged with the duty of transferring its passengers by tugs or tenders from the port of embarkation, and putting them on board its ships. For this they received a commission, paying the expenses themselves. They employed a steam tender and two persons in charge thereof, and these persons, while plaintiff was

being transferred, assaulted him, and confined him in a room of the tender, apart from the other passengers. *Held,* that the steamship company was liable in damages for their acts.

In Error to the Circuit Court of the United States for the Southern District of New York.

Esek Cowen, for plaintiff in error.

F. K. Pendleton, for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The questions presented by the defense of want of jurisdiction of the court below having been certified to the supreme court, and answered adversely to the contention of the plaintiff in error, the questions upon the merits remain to be considered. 18 Sup. Ct. 526.

Error is assigned that the trial judge instructed the jury, in substance, that the defendant was responsible for the acts of Hamilton and Sweeney, one or both. The evidence upon the trial authorized the jury to find that the plaintiff, while being transported from Londonderry to New York as a passenger, pursuant to a contract made by him with the defendant, a common carrier of passengers, was assaulted and maltreated by Hamilton and Sweeney. These persons were in the employ of Henderson Bros., agents for the defendant; Hamilton being a manager for that firm, and Sweeney a porter. Among the duties of Henderson Bros. was that of carrying the passengers of the defendant and their baggage from the city of Londonderry, by tugs or tenders, and putting them on board the defendant's steamships at the mouth of the river. For this purpose they employed the steam tender Osprey. They received a commission, and paid the expenses of the service themselves, and they employed and paid Hamilton and Sweeney. According to the evidence for the plaintiff, while he was on the Osprey, being carried to the defendant's steamship Devonia, he was, without cause, forcibly removed from the part of the vessel occupied by the other passengers, assaulted, dragged into a room, and kept there by Hamilton and Sweeney until the tender reached the Devonia. It was insisted upon the trial that Henderson Bros. were independent contractors for performing that part of the transportation which consisted in transferring passengers from the city to the steamship, and that, because Hamilton and Sweeney were the employés of Henderson Bros., the relation of master and servant did not exist between the defendant and those by whose misconduct the plaintiff was injured.

The rule respondeat superior rests on the power which the responsible party has a right to exercise over the acts of his subordinates, and which, for the prevention of injuries to third persons, he is bound to exercise, and applies only to cases in which such power exists. In those undertakings in which this power, in whole or in part, may properly be devolved upon others, and has been so devolved by a contract which substitutes another in the place of the original principal, and delegates to him exclusively the control of the subordinate agents whom he may find it expedient to employ, the subordinate

agents are his servants, and not the servants of the original principal; and the latter is not responsible for their negligent or wrongful acts. But the undertaking of a common carrier to a passenger is not of that character. His obligation to transport the passenger safely cannot be shifted from himself by delegation to an independent contractor; and it extends to all the agencies employed, and includes the duty of protecting the passenger from any injury caused by the act of any subordinate or third person engaged in any part of the service required by the contract of transportation.

The present case is quite analogous to those in which it has been held that a railroad company is responsible for the neglect or misconduct of the servants of a sleeping-car company, whereby a passenger sustains loss or injury while being transported under the contract with the railroad company. Pennsylvania Co. v. Roy, 102 U. S. 451; Dwinelle v. Railroad Co., 120 N. Y. 117, 24 N. E. 319; Railroad Co. v. Walrath, 38 Ohio St. 461; Kinsley v. Railroad Co., 125 Mass. 54. In Dwinelle v. Railroad Co. it was held that the porter of a sleeping car was, while assisting the railroad company in carrying out its contract of transportation with the passenger, the servant of the company, although it did not own the sleeping car, or hire or pay the porter; and that, whatever might be the motive which incited him to assault a passenger during the existence of the relations between passenger and carrier, the company was liable. The evidence upon the trial indicated beyond a doubt that the acts of Hamilton and Sweeney were committed under color of the authority which they had been intrusted to exercise over the passengers of the defendant in the usual course of transportation. The defendant was responsible for their acts, notwithstanding they were servants of Henderson Bros. We find no error in the rulings complained of, and the judgment is accordingly affirmed.