## THE MISSOURI PACIFIC RAILWAY COMPANY v. WILL DIVINNEY.
### No. 12,751. (71 Pac. 855.)

Error from Cloud district court; HUGH ALEXANDER, judge. Opinion filed March 7, 1903. Rehearing. Affirmed.

*Park B. Pulsifer,* and *Waggener, Horton & Orr,* for plaintiff in error.
*G. M. Culver,* and *F. W. Sturges,* for defendant in error.

*Per Curiam:* Division number two of this court, at its July, 1902, sitting, reversed the judgment of the lower court upon a consideration of the special findings of fact made by the jury. (69 Pac. 351.) A rehearing was granted. The case has been reargued and is now before us upon the rehearing granted.

At the former hearing the case was not presented in oral argument by counsel for defendant in error. It was contended in the brief filed that special finding number one, requested by plaintiff, which reads, "Was the plaintiff a passenger over defendant's road from Ames to Concordia on the morning of August 7th, 1900?" and was answered "Yes," established the right of plaintiff to the protection accorded a passenger from assault made by an agent or employee of a common carrier. As it was conceded by the defendant at the trial that plaintiff was a passenger on defendant's train from Ames to Concordia on the morning of the day mentioned, after his encounter with the agent at Ames, and as the question was not directed to the time of the affray between plaintiff and the agent of the company at Ames, the finding was deemed wholly immaterial; and as the jury further found that the agent was not engaged in the performance of any duty imposed upon him by virtue of his employment at the time of the assault made upon plaintiff the judgment was reversed.

It is now earnestly contended by counsel for defendant in error that the facts alleged in the petition are sufficient in law to constitute plaintiff a passenger at the time of the assault made upon him, and as there is evidence in the record to support the facts alleged, and as there is no special finding of the jury to the contrary, the general verdict of the jury must be upheld notwithstanding the special findings. While there is no direct allegation found in the petition that plaintiff was a passenger at the time of the assault made upon him by the agent of the defendant company at Ames, and while the plaintiff was not in fact a passenger upon one of the trains of the defendant at the time of his assault, and while the petition is unskilfully drawn, and the real issue obscured, yet, from a careful reexamination of the petition and the evidence found in the record, we are now of the opinion that sufficient facts are stated in the petition, and sustained by the evidence, to constitute plaintiff in law a passenger at the time he was assaulted, and to entitle him to that protection from the company which the law affords a passenger to guard him from an assault made by an employee or agent of the carrier, whether at the time such employee or agent is engaged in the discharge of his duties to the company or not, such wrongful act of the agent being a violation of the contract of his company to carry its passengers safely and accord them proper treatment. (*Steamboat Co. v. Brockett*, 121 U. S. 637, 7 Sup. Ct. 1039, 30 L. Ed. 1049; *The Wabash*

*Railway Co. v. Savage,* 110 Ind. 156, 9 N. E. 85 ; *Stewart v. Brooklyn and Crosstown R. R. Co.,* 90 N. Y. 588, 43 Am. Rep. 185 ; *Knoxville Traction Co. v. Lane,* 103 Tenn. 376, 53 S. W. 557, 46 L. R. A. 549.)

In this view of the case, it follows, both from authority and the principles of law, that the general verdict of the jury and judgment thereon must be upheld, notwithstanding the special findings.

The judgment is affirmed.