LILA D. HAYNE *vs.* UNION STREET RAILWAY COMPANY.

Bristol.    October 24, 1905. — December 1, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Negligence.    Carrier.    Street Railway.*

In an action against a street railway company for personal injuries, it appeared that the plaintiff while a passenger in a car of the defendant was injured by the glass of a window of the car broken by the body of a dead hen which the conductor of another car waiting at a turnout, while standing on the ground near his car, threw in sport at the motorman of the car in which the plaintiff was being carried. *Held,* that although the conductor who threw the hen was not acting within the scope of his employment and was not employed upon the car in which the plaintiff was being carried, the defendant as a common carrier of passengers was liable to the plaintiff for his injuries.

KNOWLTON, C. J.    The plaintiff was a passenger on the defendant's street car, and was riding near the front window, on a seat in the corner of the car. The car entered upon a turnout to pass two other cars, going in the opposite direction, which were waiting there for the plaintiff's car to go by. The conductor of one of these cars, who had picked up a dead hen on the beach near the road, threw the hen in sport at the motorman on the car on which the plaintiff was riding. When he threw the hen he was standing on the ground near his car. He missed the motorman, and his missile struck the window, broke the glass, and thereby injured the plaintiff. This action was brought to recover compensation for the injury. The judge of the Supe-

rior Court ordered a verdict for the defendant, and the case is
here on the plaintiff's exceptions.

We will assume in favor of the defendant that there was no
evidence to warrant a finding that the conductor who threw the
hen was acting within the scope of his employment, and there-
fore, under the rules of law applicable to the ordinary relations
of master and servant, the defendant would not be liable for the
servant's act.   But the plaintiff invokes a special rule applicable
to common carriers.   A common carrier of passengers impliedly
agrees to exercise the utmost care and diligence, consistent with
the proper management of his business, to protect his passengers
from injury through the misconduct of other persons, while he
is performing his contract for their transportation.   They neces-
sarily submit themselves in a large degree to his care and con-
trol, and he undertakes to provide for their safety in all those
particulars which ought to be under his direction and manage-
ment.   Among these, to a certain extent, are the kind of persons
permitted to approach the passengers on the carrier's premises,
and the rules and regulations which govern the conduct of the
carrier's servants and others, while the contract for carriage is
being performed.   While the carrier does not guarantee perfec-
tion in these particulars, he is under an obligation of implied
contract and consequent legal duty, to use a very high degree of
care to prevent injuries that might be caused by the negligence
or wilful misconduct of others.   This rule prevails generally in
the American courts. *Simmons* v. *New Bedford, Vineyard &
Nantucket Steamboat Co.* 97 Mass. 361.   *Bryant* v. *Rich,* 106
Mass. 180.   *New Jersey Steamboat Co.* v. *Brockett,* 121 U. S.
637.   *Goddard* v. *Grand Trunk Railway,* 57 Maine, 202.   *Stew-
art* v. *Brooklyn & Crosstown Railroad,* 90 N. Y. 588.   *Dwinelle*
v. *New York Central & Hudson River Railroad,* 120 N. Y. 117.
*Haver* v. *Central Railroad,* 33 Vroom, 282, 284.   *Chicago &
Eastern Railroad* v. *Flexman,* 103 Ill. 546, 550.   *Fick* v. *Chicago
& Northwestern Railway,* 68 Wis. 469.   *Indianapolis Union
Railway* v. *Cooper,* 6 Ind. App. 202.   *Terre Haute & Indian-
apolis Railroad* v. *Jackson,* 81 Ind. 19.   In the application of
the rule to injuries caused by servants of the carrier while
engaged in the performance of his contract of carriage, it is held
that he is liable absolutely for their misconduct.   This part of

the rule was discussed particularly in *Bryant* v. *Rich, ubi supra,* as the more general doctrine was discussed in *Simmons* v. *New Bedford, Vineyard & Nantucket Steamboat Co.* 97 Mass. 361.

Under the authorities, it is plain that if the wrongful act which caused the injury in the present case had been done by the conductor or motorman of the car on which the plaintiff was riding, the defendant would be liable. The only question upon which there is ground for any doubt is, whether the rule applies to an injury done by a servant who was engaged in the same general service, but was employed upon another car, and was not charged directly and primarily with any duty to provide for the safety of the plaintiff. We are of opinion that the liability of the defendant is the same as if the conductor who threw the hen had been in charge of the plaintiff's car. The rule of liability in such cases is made absolute. The reason for the rule applies as well when the servant is employed upon another car as when he is working on the car upon which the injury occurs.

If one of the reasons for the liability is that the servant, through his relation to his master, owes a duty to protect the passenger from injuries by others, and *a fortiori* from injuries by himself, this duty, so far as it relates to the last branch of the obligation, is not confined to servants the nature of whose service requires them to give personal attention to the passenger in reference to possible injuries from others, but it includes those employed in the general business of transportation, and involves a duty to refrain from doing injury to any of the master's passengers, whether in the special charge of the servant or not. It would be too strict and narrow a rule to hold that this liability of the master extends only to injuries by servants especially charged with the duty of protecting passengers from injury. In *Bryant* v. *Rich,* 106 Mass. 180, it was said that, " In respect to such treatment of passengers, not merely the officers but the crew are the agents of the carriers." The great diligence and learning of the defendant's counsel have discovered for our enlightenment no case in which it has been held that the carrier was not liable, because the servant, at the time of his wrongful act, was not directly employed in carrying the passenger injured, if he was engaged in the general business of which the transportation of the passenger was a part. Of course, if he was at the

time in a position wholly disconnected with his duties to the carrier, as, if his misconduct was away from his place of employment at an hour of the day when he was at liberty to go where he pleased, the master would not be liable. But the mere fact that he was on one car and his wrongful act was directed to a passenger on another car, should make no difference with the master's liability. In *Dwinelle* v. *New York Central & Hudson River Railroad*, 120 N. Y. 117, a case somewhat different from the present one, the court used this language: " While this general duty rested upon the defendant to protect the person of the passenger during the entire performance of the contract, it signifies but little or nothing whether the servant had or had not completed the temporary or particular service he was performing or had completed the performance of it, when the blow was struck. That blow was given by a servant of the defendant while the defendant was performing its contract to carry safely and to protect the person of the plaintiff, and was a violation of such contract." In *Atlanta Consolidated Street Railway* v. *Bates*, 103 Ga. 333, the court said, " When this injury occurred, therefore, the defendant company was under a legal obligation to use extraordinary diligence to protect the life and person of the plaintiff. We know of no rule of law that would necessarily restrict this doctrine to the agents of the company having in charge the particular car upon which the plaintiff had taken passage." In *Planz* v. *Boston & Albany Railroad*, 157 Mass. 377, the following sentence appears: " The cases which hold that a carrier of passengers is always liable for wilful and wanton injuries inflicted by its servants upon those who are being carried by it are not applicable." See also *Birmingham Railway & Electric Co.* v. *Baird*, 130 Ala. 334, 344; *White* v. *Norfolk & Southern Railroad*, 115 N. C. 631; *Gillespie* v. *Brooklyn Heights Railroad*, 178 N. Y. 347.

We are of opinion that the defendant is liable for the misconduct of the conductor, although he was not employed upon the car in which the plaintiff was riding.

*Exceptions sustained.*

*A. P. Gay & J. T. Keen,* for the plaintiff.

*O. Prescott, Jr.,* for the defendant.