ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* DOWGIALLO.

Opinion delivered April 8, 1907.

1.  CARRIER—LIABILITY TO PASSENGER ASSAULTED BY BRAKEMAN.—A railroad company is liable for a wrongful assault upon a passenger committed by a brakeman having duties to perform with reference to the comfort and safety of passengers, even though in making such assault, the brakeman departed from the line of his duty. (Page 291.)

2.  INSTRUCTION—HARMLESS ERROR.—An instruction that it is the duty of a carrier to protect its passengers "from ill-treatment from its servants *and other passengers*" is not prejudicial where the sole issue was whether defendant's brakeman assaulted plaintiff wrongfully and without provocation. (Page 294.)

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; affirmed.

*Oscar L. Miles,* for appellant.

1. Instruction one for plaintiff is clearly erroneous, and the second is equally so. A railway company is not an insurer of the safety of its passengers. They are bound to the utmost care and diligence in the management of trains, and in the structure and care of tracks and subsidiary arrangements necessary to the safety of their passengers, but they are not required to exercise all the care, skill and diligence of which the human mind can conceive, nor such as will free passengers from all possible peril. Hutchinson on Carriers (2 Ed.), § 502; 57 Ark. 298; 60 *Id.* 550.

2. The brakeman was not acting within the scope of his authority when the assault was committed. Kirby's Digest, § 6633.

*John H. Vaughan,* for appellee.

1. There is no error in the instructions, 6 Ind. App. 203; 57 Ark. 98.

2. The brakeman was acting within the scope of his authority. The safety of passengers is entrusted to brakemen, conductors and engineers. 56 Maine, 202; 8 Bush (Ky.), 147; 9 Ill. App. 250. The following cases hold the company liable for unlawful acts of brakemen. 75 Ga. 51; 55 Ill. 185; 103 *Id.* 546; 81 Ind. 19; 44 Iowa, 314; 45 Minn. 207; 30 S. W. Rep. 719.

McCulloch, J. Appellee instituted this suit against the St. Louis, Iron Mountain & Southern Railway Company to recover damages alleged to have been sustained while a passenger on appellant's train. He alleged in his complaint that he was a passenger on appellant's train, that the train was in charge of a conductor and brakeman who were servants of appellant, and that said brakeman wrongfully, unlawfully and maliciously assaulted and beat him while he was on the train as a passenger, and also used abusive and profane language towards him.

The defendant answered this complaint, and denied, specifically, all the averments of the complaint, and, in addition thereto, set up that the contributory negligence of the plaintiff, by his own wrongful, wilful and unlawful conduct, brought about and caused whatever injury he may have received from any one upon said passenger train.

The case was tried before a jury, and the trial resulted in a verdict and judgment for the sum of $400 in favor of the plaintiff. The plaintiff testified, in substance, that while he was a passenger on defendant's train going from Ft. Smith to Jenny Lind, and while he was engaged in conversation with another passenger, Donahue, the brakeman on the train, came into the car and cursed him and beat him severely over the head with a lantern. He testified that he was not disorderly at the time, and gave the brakeman no provocation for the assault. Several other witnesses introduced by plaintiff testified to the same effect. Donahue and several other witnesses introduced by defendant testified that Donahue came into the car and got upon the arm of a seat to light a lamp when plaintiff addressed a vile epithet towards him, and he struck plaintiff over the head with the lantern in his hand.

There was a sharp conflict in the testimony as to which of the two—plaintiff or Donahue—was the aggressor and at fault in the encounter. According to the testimony of the plaintiff and his witnesses, the assault was unprovoked, and was wilfully and wrongfully committed. If Donahue and the other witnesses introduced by defendant are to be believed, plaintiff was entirely at fault in the beginning, and provoked the assault by the use of vile language toward Donahue. The jury settled this conflict in favor of the plaintiff.

The court gave the following instructions at the request of plaintiff, which the defendant objected to and now assigns as error:

"1. You are instructed that it is one of the prime duties resting on a railroad company to protect the passengers from assaults and injuries by its servants, and the question of its liability for a breach of this duty depends upon whether or not the servant acted within the course of his employment.

"2. You are instructed that it is the duty of a common carrier not only to carry its passengers safely, but to protect them from ill-treatment from its servants and other passengers. A common carrier is bound to use all such reasonable precautions as human judgment and foresight are capable of to make its passengers' journey safe and comfortable."

Now, these instructions, if given in a negligence case, would

be erroneous, because they impose too high a degree of care upon the carrier and in effect make the carrier the absolute insurer of the safety of the passenger. But in this case, where the question involved is whether or not a servant of the carrier wilfully and unlawfully assaulted the passenger, the instructions were not prejudicial. While the carrier owes the passenger only a certain degree of care, so far as concerns protection from injury from other causes, it is the insurer of the safety of the passenger against wilful assaults and intentional ill-treatment of its servants, for whose acts it is responsible. *St. Louis & S. F. R. Co.* v. *Kilpatrick,* 67 Ark. 47.

"From the moment the relation commences," says Mr. Hutchinson, "the passenger is, in a great measure, under the protection of the carrier even from the violent conduct of other passengers, or of strangers who may be temporarily upon his conveyance. But, as against the assaults and violence of his servants, the passenger has the right to claim an absolute protection, and the carrier will undoubtedly be held responsible for any unnecessary personal abuse or violence of which they may be guilty in their treatment of the passenger whilst engaged in the discharge of their assigned and appropriate duties, although such abuse may consist in an assault or battery upon the person of the passenger, and may be wholly unauthorized by the carrier and prompted by the vindictive feelings of the servant towards the passenger. And it is undoubtedly well settled law that, when an assault or battery by the carrier's servant occurs upon the carrier's vehicle, the carrier must be held responsible, even when the servant has seemingly departed from the line of his duty, and has committed the assault or the personal violence upon the passenger aside from and under circumstances wholly unconnected with the discharge of such duty; and that the fact of his being in the employment of the carrier, and engaged in the prosecution of his business, upon his vessel or vehicle, will make the malicious and unauthorized attack of the servant upon the passenger a breach of duty for which the carrier himself may be held liable." 2 Hutchinson on Carrier, § § 1093, 1094; 4 Elliott on Railroads, § 1638; Thompson on Negligence, § 3186; 2 Fetter on Carriers of Passengers, § § 365, 366; *Johnson* v. *Detroit, etc., Ry.,* 130 Mich. 453; *Stewart* v. *Brooklyn, etc.,*

*Ry. Co.,* 90 N. Y. 588; *Missouri Pac. Ry. Co.* v. *Divinney,* 66 Kan. 776; *New Jersey Steamboat Co.* v. *Brockett,* 121 U. S. 637; *Haver* v. *Central Ry. Co.,* 62 N. J. L. 282; *White* v. *Norfolk & Southern Railroad Co.,* 115 N. C. 631; *Railroad* v. *Ray,* 101 Tenn. 1; *St. Louis S. W. Ry. Co.* v. *Johnson,* 29 Tex. Civ. App. 184; *Gulf, C. & S. F. R. Co.* v. *Luther* (Tex.), 90 S. W. 44; *Goddard* v. *Grand Trunk Ry. Co.,* 57 Me. 202; *Hanson* v. *European & North American Ry. Co.,* 62 Me. 84; *Chicago & Eastern Ill. Railroad Co.* v. *Flexman,* 103 Ill. 546; *Lambkin* v. *Louisville & Nashville Railroad Co.,* 106 Ala. 287.

Mr. Elliott in discussing the question says: "It is not merely a question of negligence in such cases, nor is it strictly a question depending upon the scope of the servant's particular employment. It is a question of the absolute duty of a railroad company to its passengers as long as that relation subsists, and a breach of that duty on its part whether caused by the willful act of an employee or not. A carrier is bound to discharge the implied duty, arising out of its contract and imposed by law, that its passengers shall be protected from injury by its servants and shall not be willfully insulted and harmed by them, and if it commits the discharge of this duty to an employee it may well be held to do so at its own peril, notwithstanding the exercise of care on its part in selecting its servants. * * * This leads us to the conclusion that a railroad company is liable for an injury wilfully inflicted upon a passenger by its employees while engaged in performing a duty which the carrier owes to the passenger, or in executing the contract, although the company is guilty of no negligence in selecting them, and such act was not strictly within the scope of their employment or line of their duty in the sense that it was done for the carrier or arose out of the performance of their particular duty." 4 Elliott, Railroads, § 1638.

In *Steamboat Co.* v. *Brockett, supra,* Mr. Justice Harlan, in delivering the opinion of the court, said that "a common carrier is bound, as far as practicable, to protect its passengers, while being conveyed, from violence committed by strangers and co-passengers, and undertakes absolutely to protect them against the misconduct of its own servants in executing the contract."

It is unnecessary for us to define the limits of this doctrine

in its application to all the servants of the carrier. It is sufficient to say that it applies to a brakeman on a passenger train whose duty it is to go through the train with opportunities to come in personal contact with passengers, and who has duties to perform with reference to the comfort or safety of the passengers. The carrier, in intrusting such duties to servants, is bound to see that the passenger is not willfully assaulted and harmed by the servant.

"Either the company or the passenger must take the risk of infirmities of temper, malicious wickedness and misconduct of the employees whom the company has placed upon the train and to whom it has committed the discharge of its duty to protect and look after the safety of passengers. A passenger has no control over them, and the company alone has the power to select and remove them. It is, therefore, but just to make the company, rather than the passengers, take this risk, and to hold it responsible." 4 Elliott on Railroads, § 1638. Authorities are abundant that railroad companies are liable for wrongful assaults upon passengers committed by brakemen as well as conductors. The cases already cited fully sustain that view.

The second instruction in question is not strictly appropriate in its reference to the duty of the carrier to protect a passenger from ill-treatment by other passengers, but this was harmless because there was no such issue before the jury. The issue was confined to the sole question whether or not the brakeman wrongfully and without provocation assaulted the plaintiff. If he did, the defendant is liable; otherwise it is not liable. The court properly submitted this question to the jury upon instructions requested by the defendant. The record is, we conclude, entirely free from prejudicial error, and the judgment is affirmed. So ordered.