ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. J. L. JOHNSON.

Decided April 9, 1902.

**1.—Railway Company—Assault on Passenger—Liability.**

A common carrier undertakes absolutely to protect passengers against the misconduct of its own servants, and hence is liable for an assault wrongfully committed by one of them on a passenger.

**2.—Same—Assault Not Justified.**

The fact that a passenger had been drinking and was noisy, while it might have warranted his expulsion from the train, afforded no justification for an assault on him by the conductor.

**3.—Same—Negligence—Charge.**

Since an unwarranted assault by the train conductor upon a passenger was negligence per se, the submission of the question as to whether it constituted negligence was an error in the carrier's favor of which it can not complain.

**4.—Same—Charge—Harmless Error.**

An erroneous charge that if the conductor tried to get plaintiff to keep quiet, and plaintiff, by any wrongful conduct on his part, brought on the fight between himself and the conductor, he could not recover, was not one of which the defendant carrier could complain.

Appeal from Upsher. Trial below before Hon. J. G. Russell.

*E. B. Perkins* and *Marsh, McIlwaine & Fitzgerald,* for appellant.

*Briggs & Briggs* and *A. S. Johnson,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellant to recover damages occasioned by an assault and battery, accompanied by profane and abusive language, committed by the conductor of one of appellant's trains upon him while he was a passenger thereon. The appellee recovered a judgment for $2800, from which the railway company has appealed.

It is uncontroverted that the appellee, while a passenger upon one of appellant's trains standing on the platform of a car, was set upon by the conductor in charge, beaten over the nose and face with his ticket punch, and then over the head with a six shooter,—the conductor using

profane and abusive language towards him in the presence of passengers during the assault. The only question is whether or not the assault and battery was justifiable. Appellant attempted to justify it upon the ground that it was done in self-defense, and upon the further ground that appellee, while standing on the platform, was hallooing in such a manner as to disturb the passengers in the car, and upon being admonished by the conductor to keep quiet, continued the noise, and that the assault was committed in an effort to quiet him and get him into the smoking car. We have carefully examined the statement of facts, and find no evidence that tends to justify the conductor in making the assault and battery. The appellee may have been drinking and a little boisterous, but such conduct, which, if it was reasonably calculated to disturb other passengers would have justified the conductor in expelling him from the train, furnishes no justification whatever for the assault.

It is the duty of a common carrier to safely and securely carry persons who bear to it the relation of passengers, and to use the utmost care and diligence to safely carry the passenger to the end of his route and protect him against assault and other ill treatment by those employed by it and under its control, and to exercise the utmost vigilance and care in guarding the passenger against violence from whatever source arising, which might reasonably be anticipated or naturally expected to occur. Dillingham v. Russell, 73 Texas, 47, 11 S. W. Rep., 149, 15 Am. St. Rep., 753; Railway v. La Prelle, 27 Texas Civ. App., 496; Cooley on Torts, 664.

A common carrier undertakes absolutely to protect its passengers against the misconduct or negligence of its own servants employed in executing the contract of transportation. Its liability rests upon the principle that it had engaged the performance of certain duties, and has selected its own servants for the performance of those duties, and hence an assault by an employe is a breach of the duty of the carrier to its passenger. Either the company or the passengers must take the risk of infirmity of temper, maliciousness, or misconduct of the employe whom the company has placed upon the train, and to whom it has committed the power to discharge its duties, and to look after the safety of its passengers. A passenger has no control over them, and the company alone has the power to select and remove them. It is therefore but just to make the company rather than the passengers take the risk and to hold it responsible. 4 Elliott on Railroads, sec. 1638; Haver v. Railway, 43 Law Rep. Ann., 84. When a prima facie case of assault and battery is sought to be justified, it is incumbent upon one who justified it to show that no more force was used than the exigencies of the case called for. The force used must be suitable in kind and degree to the exigencies of the occasion, otherwise the justification fails. Dillingham v. Russell, supra; Railway v. Jones, 39 Law. Rep., Ann., 786; Railway v. La Prelle, supra; Hanson v. Railway, 62 Md., 84; 16 Am. Rep., 404.

All the elements of an assault and battery were submitted to the jury by the court in its charge, and the jury were in substance instructed

if they found such facts as would constitute an assault and battery, and that they constituted negligence, to find for plaintiff, if they did not find for defendant on the defensive matters submitted. This part of the charge is complained of upon the ground that it submits an issue not made by the evidence,—that the question was one of an assault and not of negligence, and the charge should have confined the jury to the question of assault, and as to whether it was justifiable. If an unjustifiable assault and battery was made by the conductor upon the appellee, the liability of appellant for his injuries in consequence of it attached; for, if negligence, it was negligence per se, and established by the facts constituting the assault and battery, and the submission of the question as to whether the facts constituted negligence was an error in appellant's favor, of which it is in no attitude to complain. Had the verdict been against the appellee, the error would have been one that he might well complain of, for the charge would have authorized the jury to have passed upon the question of negligence arising from facts which in and of themselves constitute liability as a matter of law.

It may be doubted whether the evidence in this case was sufficient to authorize the court in submitting the issue as to whether the battery was committed by the conductor in self-defense. But however this may be, the question of self-defense was fully and fairly submitted to the jury by the court in its charge and in special charges given at appellant's request. When we say "fairly," we mean so far as the appellant is concerned, for we can not subscribe to the doctrine announced in one of the special charges that if "the conductor tried to get plaintiff to keep quiet, and if you further believe that plaintiff by any wrongful conduct on his part brought on a fight or difficulty between himself and the conductor, then it will be your duty to find for defendant." This is diametrically opposed to the holding of the Supreme Court in Dillingham v. Russell and of the Court of Appeals of the Third District in Railway v. Le Prelle, above cited. The error, however, was one decidedly in appellant's favor, and put the appellee at a disadvantage before the jury.

The charge on the measure of damages is not obnoxious to the objections urged to it by appellant, nor is the verdict, when the nature and extent of the injury and the facts and circumstances attending it are considered, excessive. A brutal and atrocious assault, without anything to justify or palliate it, was committed by appellant's servant upon one of its passengers to whom it owed the duty of exercising the highest degree of care and protection, and it is meet that it should be held responsible in damages for it.

We have considered fully and carefully all of the questions presented by the numerous assignments in this case, and find no error which in our opinion would justify us in reversing the judgment in this case. It is therefore affirmed.

*Affirmed.*

Writ of error refused.