JAMES W. ALBIN, By Guardian, etc., Respondent, v.
CHICAGO, ROCK ISLAND & PACIFIC RAIL-
WAY COMPANY, Appellant.

Kansas City Court of Appeals, November 9, 1903.

1. PASSENGER CARRIERS: When Relation Begins. To become
a passenger and be entitled to protection as such, it is not neces-
sary that a person shall have entered a train or paid his fare;
it is sufficient if he comes within control of the carrier at his
station in the ordinary way, with intent to become a passenger.

2. ———: Pleading: Variance: Surprise. The petition averred
negligence in the operation of the switch engine, of which there
was no proof; but the evidence unobjected to showed the sta-
tion agent directing the passenger, and likewise a failure of suf-
ficient light. Issue was joined on this evidence. Held, there
was a variance between the pleading and the evidence, but it
was waived by the failure to object to the evidence and to file
an affidavit of surprise.

3. ———: Negligence: Appellate Practice: Conflicting Evidence.
Where the evidence concerning lights of a passenger station
and on a switch engine is conflicting, the question is one for the
jury and the appellate court will not interfere.

4. ———: - ———: **Measure of Damages: Instructions.** Possible or probable future pain and anguish which may result from personal injury, will not justify an award of damages, but the evidence must show them to be a reasonable result in the future.

Appeal from Gentry Circuit Court.—*Hon. Gallatin Craig,* Judge.

REVERSED AND REMANDED.

*W. F. Evans, McDougal & Sebree* for appellant.

(1) The court committed error in refusing to give the demurrers to the evidence offered by the defendant at the close of plaintiff's evidence. Yarnell v. Railroad, 113 Mo. 570; Roddy v. Railroad, 104 Mo. 234; Barney v. Railroad, 126 Mo. 372; Rine v. Railroad, 88 Mo. 392; Loring v. Railroad, 128 Mo. 349; Powell v. Railroad, 59 Mo. App. 626; Railroad v. Mendoza, 60 S. W. 327; Skipton v. Railroad, 82 Mo. App. 134, 144; Gurley v. Railroad, 93 Mo. 445; Dlauhi v. Railroad, 139 Mo. 291; Ely v. Railroad, 77 Mo. 34; McCarty v. Railroad, 144 Mo. 397; Buffington v. Railroad, 64 Mo. 246; Chitty case, 148 Mo. 64; Farr v. Adams Express Co., 75 S. W. Rep. 183, July 8, 1903; Garven v. Railroad, 75 S. W. Rep. 193, July 8, 1903. (2) The plaintiff's own negligence in stepping on the track immediately in front of the moving engine, when he knew it was operating in front of the depot, and when he could have seen it if he had looked and heard it if he had listened, was so clearly proven as to defeat his action, even if he had shown the negligence alleged in the petition. Butts v. Railroad, 98 Mo. 272; Boyd v. Railroad, 105 Mo. 371; Peterson v. Railroad, 156 Mo. 552; Fusili v. Railroad, 45 Mo. App. 535; Tanner v. Railroad, 61 S. W. (Mo.) 826; Kelsey v. Railroad, 129 Mo. 362; Payne v. Railroad, 136 Mo. 562; Lien v. Railroad, 79 Mo. App. 475; Weller v. Railroad, 164 Mo. 180; Conrad Co. v. Railroad, 89 Mo. App. 534, 391; Holwerson v. Railroad, 157 Mo. 216; Hutchinson

case, 88 Mo. App. 376.    (3)    Plaintiff's instruction No. 3 defining the measure of damages is erroneous, in that it authorizes damages to be assessed for future pain and anguish likely to be suffered.    Bigelow v. Railway, 48 Mo. App. 367, 374; Curtis v. Railroad, 18 N. Y. 534; Hardy v. Railroad, 89 Wis. 183, 187; Kucera v. Merrill Lumber Co., 91 Wis. 637, 645.

*Perry & Lyons, Harber & Knight* for respondent.

(1)    Plaintiff was a passenger.    Stewart v. Goodrich, 9 Mo. App. 125; Hausberger v. Railroad, 82 Mo. App. 566; Friermuth v. McKee, 86 Mo. App. 64; Hardwick v. Cox, 50 Mo. App. 509; Loe v. Railroad, 57 Mo. App. 350; Madison v. Railroad, 60 Mo. App. 599; Schepers v. Railroad, 126 Mo. 671 loc. cit.; R. S. 1899, sec. 655; Black v. Railroad, 72 S. W. 559 (Mo.); Hoyer v. Const. Car Co. 72 S. W. 135 (Mo.); Pope v. Railroad, 99 Mo. 400; Shaw v. Railroad, 104 Mo. 656. (2)    A passenger is justified in acting upon the invitation of an employee of the company clothed with such apparent authority, and if he is injured in consequence of following such instructions he can not be guilty of contributory negligence.    Talbot v. Railroad, 72 Mo. App. 291; Allender v. Railroad, 37 Ia. 264; Railroad v. State, 63 Md. 135; Warren v. Railroad, 8 Allen (Mass.) 227; Railroad v. Kane, 69 Md. 11; Railroad v. Morgan, 64 S. W. 688 (Tex. Civ. App. 1901); Murphy v. Railroad, 43 Mo. App. 342; Smith v. Railroad, 108 Mo. 234; Whitehead v. Railroad, 99 Mo. 263, 270 loc. cit.; Newcomb v. Railroad, 169 Mo. 404; McGee v. Railroad, 92 Mo. 216, 217 loc. cit.; Hicks v. Railroad, 68 Mo. 329; Whitehead v. Railroad, 99 Mo. 263, 270 loc. cit.    (3)    Plaintiff was a passenger and entitled to protection as such, even though he had not purchased a ticket.    The purchase of a ticket is not necessary to constitute the relation of passenger and carrier.    Schepers v. Railroad, 126 Mo. 672; Spry v. Railroad, 73 Mo. App. 214; Eichorn v. Railroad,

130 Mo. 575; Waller v. Railroad, 59 Mo. App. 410; Cross v. Railroad, 56 Mo. App. 664; Murphy v. Railroad, 43 Mo. App. 342; Buck v. Railroad, 108 Mo. 179; Muhlhausen v. Railroad, 91 Mo. 332; Whitehead v. Railroad, 99 Mo. 263 (and cases cited); Walton v. Railroad, 107 Mass. 108; Shear. & Redf. on Neg. (4 Ed.), 489; Murphy v. Railroad, 48 Mo. App. 1. c. 347; Railroad v. Chancellor, 60 Ill. App. 525; Waller v. Railroad, 59 Mo. App. 410; Eichorn v. Railroad, 130 Mo. 575; 5 Am. and Eng. Ency. Law (2 Ed.), 572 and cases cited.    (4)    The demurrer to the evidence was properly overruled.    Allender v. Railroad, 37 Iowa 264; Railroad v. Chancellor, 60 Ill. App. 525; Murphy v. Railroad, 43 Mo. App. 342; McGee v. Railroad, 92 Mo. 1. c. 208-218; Railroad v. Harmon, 64 S. W. 640; Railroad v. State, 63 Md. 135; Shear. & Redf. on Neg., sec. 525; Railroad v. Morgan, 64 S. W. 688; Warren v. Railroad, 90 Mass. 230 (8 Allen); Wheeler v. Railroad, 105 Mass. 207; Terry v. Jewett, 78 N. Y. 344; Klein v. Jewett, 26 N. J. Eq. 474; Railroad v. Tomlinson, 64 S. W. 347; Railroad v. Johnson, 59 Ark. 122; Brassel v. Railroad, 84 N. Y. 241. (5)    Plaintiff's instruction No. 3 on the measure of damages is not erroneous.    Griswold v. Railroad, 115 N. Y. 61; Railroad v. Davidson, 76 Fed. 517, 1. c. 524. (In this case the authorities cited by appellant are discussed.)

BROADDUS, J.—This is a suit for personal injury alleged to have been sustained by the negligence of the defendant.    The gist of the petition is as follows:

Plaintiff states that on or about the twentieth day of April, 1900, at and near the depot, station and platform owned and used by said defendant railway company in the city of Caldwell, Sumner county, Kansas, and in the nighttime, and while the plaintiff was lawfully attempting to cross one of the railroad tracks of said defendant railway company, being the track nearest the platform in front of said depot and station for the purpose of

boarding a train of cars of said defendant company, and taking passage thereon, which said train of cars so intended to be boarded by plaintiff was then on the second track from said platform in front of said depot and station the defendant by its agents, servants and employees, while operating and running a locomotive engine and tender attached thereto (commonly called a switch engine) on said first track nearest the said platform in front of said depot or station, carelessly, negligently, unskillfully and recklessly ran said engine and tender backwards on and against the plaintiff, etc.

Plaintiff's testimony showed the following state of facts:

The plaintiff, who at the time of the injuries was a boy less than eighteen years of age, had been born and reared in Gentry county, Missouri, and at the time of the trial and for some time prior thereto had lived with his mother in the neighborhood of Darlington about five miles from the place of trial, and had worked as a farm hand prior to the time he was injured. About the middle of April, 1900, he had gone with his mother to visit relatives in Weatherford, Oklahoma. On the way down they had gone from El Reno to Weatherford on a freight train. His mother started him home alone on the morning of the 19th and gave him sufficient money to pay his fare. He came from Weatherford to El Reno on a freight train on the "Choctaw" railroad the same way he had gone there, and paid his fare on the train. He arrived in El Reno about daylight to take the Rock Island from there north. He waited there about an hour and a half and then took a freight train north for Caldwell, for the reason, as he states, that there was no passenger train north till that evening, and paid his fare on the train. He arrived at Caldwell (which is a division on defendant's road, and as far as the train went) about six o'clock in the evening, got off the train at the depot, and immediately went into the depot and inquired when the passenger train would leave for Topeka. The

agent told him 7 o'clock, and thinking he had ample time the plaintiff went up town, got his supper, walked around and got back to the depot about ten minutes after the train had gone. The agent told him that there would be no other passenger train till the next morning, and he then inquired if there would be a freight train and the agent told him there would be one out about eleven o'clock. Preferring to take this train rather than wait till the next morning he waited around the depot till the train came in or was made up. The train, however, did not get ready to pull out until about 1 o'clock on the morning of the twentieth. When the train pulled up in front of the station plaintiff asked the agent in charge of the office if that was his train. The agent replied that it was and told him to get on it. All of the foregoing testimony in regard to the time and manner of his arrival, his inquiries at the depot, and the directions of the agent and what he did in pursuance thereof, was admitted at the trial without objection upon the part of appellant.

The depot faced the east, and the train was standing on the second track in front and a little south of the waiting room. The plaintiff had purchased no ticket, because, as he says the money was just as good, and he had theretofore paid his fare on the trains on defendant's road. Following the directions of the depot agent, he left the waiting room, crossed the platform toward his train, and as he was crossing the first track in front of the depot he was struck by the tender in the rear of a switch engine which was backing south in front of the depot. He fell toward the tender on the footboard and was carried some twenty-five feet, when it seems the switch engine was stopped by a signal from the yard-master. He got off the footboard and started to walk and fell down or sat down on the edge of the platform where he was discovered ten or fifteen minutes later.

The plaintiff testified that there was no light on the rear of the engine or tender, and that no bell was ringing

nor was any other signal given of the approach of the backing train; that it was a dark night; that there were no lights in front of the depot sufficient to light up the tracks, and that he did not see the switch engine although he looked, and was not aware of its being on the track until he was struck.

The plaintiff's leg was broken just above the knee and he sustained a "T" fracture extending down into the knee joint, was confined to his bed for six weeks, and went on crutches for two months thereafter, and the knee joint is permanently stiffened and injured and the testimony tends to show that he will never have the full use of the limb.

The testimony for defendant was contradictory to that of plaintiff. The station agent denied having directed plaintiff to get on the train; all of the employees of the company testified that there were a number of lights at different points around the depot. It is not contended by appellant that any bell was rung while the engine was backing. The conflicting testimony was weighed and passed upon by the jury and they found in favor of plaintiff, and the only questions for decision by this court are whether the plaintiff's own testimony showed that he was entitled to recovery, and whether the case was properly tried and submitted to the jury on correct instructions.

The court instructed the jury at the request of plaintiff, in substance, that if they believed from the evidence that defendant was operating trains of cars for the purpose of carrying freight and passengers from Caldwell to Topeka; that defendant had a station at Caldwell in charge of an agent who directed passengers as to the trains they should take; that plaintiff had informed said agent of his desire to take passage to Topeka; that there was a freight train then standing on the second track in front of said depot; that plaintiff asked said agent if that was his train; that said agent informed him that it was and told him to go and get on it;

and that in pursuance of said directions, while plaintiff was attempting to cross the first track for the purpose of boarding said train, and while the plaintiff was in the exercise of ordinary care, the agents and servants of defendant carelessly and negligently ran the switch engine backward against the plaintiff without warning of any kind, and without having any light thereon or other signal of its approach, and injured plaintiff without fault or negligence on his part, then they should find for the plaintiff. The second instruction for plaintiff defined ordinary care; and the third stated the measure of damages to be the physical injury inflicted, if any, the pain and suffering endured, if any, in consequence of the injury, the physical pain and mental anguish, if any, the jury should believe from the evidence he is likely to suffer in the future because of said injury, the character of the injury and its continuance, if permanent, and to what extent, if any, the plaintiff's capacity for earning a livelihood should be impaired after his majority.

The instructions asked by defendant, and which the court refused to give, were in effect (except the third) demurrers to the evidence. They were (1) that the verdict should be for the defendant; (2) that if plaintiff stepped on the track immediately in front of the tender and was struck, he could not recover; (4) that the plaintiff was a trespasser, and defendant owed him no duty unless the men in charge of the engine saw him in time to have averted the injury; (5) that the freight train did not carry passengers and plaintiff had no right to attempt to board it.

The third instruction asked by defendant was as follows: "The jury are instructed that it is the duty of one before entering upon a railroad track to look and listen for approaching trains. And if you believe from the evidence that the plaintiff could have seen or heard the approaching engine, before entering upon the railroad track, then he can not recover and your verdict must be for defendant." The court refused to give this

instruction as asked, but modified it so that plaintiff would be required to use only ordinary care to see or hear the engine, and offered to give the same in its modified form, which was refused and declined by defendant.

Defendant's first and principal contention is, that under the pleadings and evidence plaintiff was not entitled to recover. This contention is predicated upon the ground that plaintiff seeks to recover by reason of the negligence of defendant's agents in operating the switch engine which struck him while he was crossing defendant's track on his way to board the freight train in question, of which, it is insisted, there was no evidence. If the plaintiff was a mere trespasser, as contended by defendant, he was not entitled to recover under the evidence, as he was at the time of his injury in a place where he had no right to be. But there was evidence— contradicted, it is true—that he was in the eye of the law a passenger at the time he was injured. This evidence was that he was at the defendant's station for the purpose of taking passage on defendant's freight train and that he made the attempt to do so at the direction of said agent.

"To become a passenger, and entitled to protection as such, it is not necessary that a person shall have entered a train or paid his fare, but he is such as soon as he comes within the control of the carrier at the station, through the usual approaches, with intent to become a passenger."    And, "there can be no doubt that a carrier is under the duty of exercising care for the safety of such person, since he comes on the carrier's premises by invitation." Fetter on Carriers of Passengers, Vol. 1, Sec. 228, and authorities cited. And being a passenger, he had the right to rely upon the direction of the station agent to him to board the train. Talbot v. Railway, 72 Mo. App. 291; Newcomb v. Railway, 169 Mo. 409. And under the rule announced in those cases it was immaterial whether or not the said freight train

carried passengers as plaintiff was directed by the station agent to take passage on it.

But it is claimed that as the negligence of the defendant under the allegations of the petition was in the operation of the switch engine and there being no proof of such, the plaintiff's case failed. While there was no such proof, yet the other facts given in evidence which constituted the plaintiff a passenger—viz: the direction of the station agent for him to take passage on said freight train, and for failure to have the place sufficiently lighted—which was received without objection by defendant and upon which it joined issue before the jury, did, if true, constitute negligence. It is true that under the pleadings there was a variance for the petition was based upon allegations of negligence of the persons operating the engine and not upon that of the station agent in directing plaintiff to board said freight train, and for failure of defendant to provide sufficient light; but the defendant is not in a condition to avail itself of such variance between such proof and the pleadings not having excepted to the introduction of such evidence when offered for the reason that it was not responsive to the pleadings; and having made no affidavit of surprise it thereby waived the point. Chouquette v. Railroad, 152 Mo. 257; Mellor v. Railroad, 105 Mo. l. c. 471.

But it is contended that if plaintiff had looked he could have seen the approaching engine in time to have avoided the injury. But plaintiff testified that he did look but failed to see the engine before he was struck by it; that he failed to see it because there was not sufficient light. It is true that all defendant's agents and employees present stated that the engine was lighted and that there were platform lights. The question was one of fact for the jury and we are not authorized on the mere preponderance of evidence in favor of defendant on the question, however great, to overturn the finding. Nearly every assumption of defendant is against the evi-

dence, consequently much of the law cited by its counsel, however sound, has no application. Among the most unfounded of these assumptions is that the plaintiff was a trespasser; but the jury thought different.

It is further contended that plaintiff's instruction number three defining his measure of damages was erroneous in that it authorizes damages to be assessed for future pain and anguish likely to be suffered. The rule is, that it is not the possible or probable future pain and anguish which *may* result from injury that will justify an award of damages, but only such damages which from the evidence will reasonably result in the future. Bigelow v. Railroad, 48 Mo. App. 367; Curtis v. Railroad, 18 N. Y. 534; Baker v. Independence, 93 Mo. App. 165; Beasley v. Linehan Tras. Co., 148 Mo. 1. c. 420-21.

For the error in giving said instruction the cause is reversed and remanded. All concur.