ORVILLE SHELBY, Respondent, v. METROPOLI-
TAN STREET RAILWAY COMPANY, Appel-
lant.

**Kansas City Court of Appeals, February 21, 1910.**

1. **PRACTICE: Application for Continuance: Discretion of Trial
   Court.** Where defendant filed application for continuance and
   the trial court offered to hold the case long enough to procure
   the testimony of the absent witnesses, the trial court acted
   with great liberality and if defendant declined to accept the
   offer, but demanded a continuance for the term, it had no
   right to complain. The granting or refusing of continuances
   is largely in the discretion of the trial court.

2. **CARRIERS OF PASSENGERS: Master and Servant: Scope
   of Employment.** The rule that a master is not liable for an
   assault committed by a servant while acting outside the scope
   of his employment has no application where a motorman
   strikes a passenger on a street car. It is the duty of a car-
   rier to protect its passengers from assault by its employees
   as well as by third persons.

3. ————: **Damages: Punitive: Malicious Assault.** Where an
   assault is made by a motorman on a passenger without provoca-
   tion on the latter's part, and the passenger's injuries are of
   an aggravated nature, and the circumstances show oppression,
   malice or negligence on the part of the motorman, exemplary
   damages are allowable.

Appeal from Jackson Circuit Court.—*Hon. John G.
Park*, Judge.

AFFIRMED.

*Jno. H. Lucas, Ben F. White* and *H. H. McCluer*
for appellant.

(1) There was a failure of proof that the motor-
man committing the assault was acting within the scope
of his employment. Farber v. Railroad, 32 Mo. App.
381; McPeak v. Railroad, 128 Mo. 636, and cases cited;
Jones v. Packet Co., 43 Mo. App. 410. (2) The court
erred in overruling defendant's application for a con-

tinuance. R. S. 1899, secs. 685, 687; McLane v. Harris, 1 Mo. 700; Moore & Porter v. McCullough, 6 Mo. 444; State v. Maddox, 117 Mo. 681; Laun v. Ponath, 105 Mo. App. 203; Nichols v. Groc. Co., 66 Mo. App. 321.

*W. S. Gabriel, James P. Gilmore* and *Cyrus Crane* for respondent.

(1) The defendant was responsible for the acts of the motorman. Eads v. Metropolitan, etc., Co., 43 Mo. App. 536; Keen v. Railroad, 129 Mo. App. 306; O'Brien v. Transit Co., 185 Mo. 263; McQuerry v. Metropolitan, etc., Co., 117 Mo. App. 255; Farber v. Railroad, 116 Mo. 81, 91; Tangner v. Railroad, 85 Mo. App. 28, 31. (2) The court properly overruled defendant's application for a continuance. King v. Pearce, 40 Mo. 220; Peterson v. Metropolitan, etc., Co., 211 Mo. 498, 516; State v. Richardson, 194 Mo. 326; State v. Cummings, 189 Mo. 640; Railway Co. v. Holladay, 131 Mo. 440; Lebo v. Goode, 67 Mo. 132; Blair v. Railroad, 89 Mo. 395; State v. Dusenberry, 112 Mo. 279; State v. Riney, 137 Mo. 105.

BROADDUS, P. J.—This is an action to recover damages for an assault upon the person of the plaintiff by defendant's motorman.

On August 27, 1907, at about six o'clock in the evening the plaintiff accompanied by his son Ben and brother, John Shelby, boarded one of defendant's cars going in a northeasterly direction on Southwest Boulevard, Kansas City, Missouri, intending to transfer at Nineteenth street to a Vine street car going east.

Plaintiff's evidence is to the effect, that the car was crowded and that John and Ben worked their way toward the front, while plaintiff stood in the rear end. John paid or attempted to pay the fare for the three. At Nineteenth and Main streets a controversy arose between the conductor and John Shelby either over the

payment of the fare or failure of the conductor to stop the car at Nineteenth street. The controversy ended in a quarrel and fight between the conductor and John in which Ben also took a part. Plaintiff heard and saw what was going on and rushed forward and endeavored to separate them and took hold of his brother to prevent him from striking the conductor. While he was so doing the motorman came in with the controller lever in his hand and struck plaintiff on the head with it, knocking him to the floor. The plaintiff was somewhat old and feeble and had suffered the loss of one arm.

The defendant's evidence tended to show that all the Shelbys were upon and beating the conductor at the time the motorman struck plaintiff. The jury returned a verdict for plaintiff for $1, compensatory damages, and $1,000, punitive damages. Defendant appealed.

Before trial defendant applied for a continuance which the court overruled. Defendant claims to have been aggrieved by this action of the court. At a previous term of the court the defendant had been granted a continuance on account of the absence of another material witness. The application in this particular instance disclosed knowledge of the whereabouts of the absent witness, but did not state where. The court offered to delay the trial for a sufficient length of time to allow defendant to take his testimony or produce him in court. The defendant declined the offer of the court and insisted on a continuance. The court in our opinion acted with great liberality towards defendant, and exercised a most wise discretion. It goes without saying that the granting of continuances is a matter largely in the discretion of the court.

The principal question raised on the appeal is whether plaintiff was entitled to go to the jury on his evidence. The defendant insists that the motorman at the time he struck plaintiff was not acting within the

scope of his authority and in the furtherance of his master's business. And the law applicable to the relation of master and servant, is that, where the servant acts beyond the scope of his employment he is as much a stranger to his master as any third person; and that: "The master is only responsible so long as the servant can be said to be doing the act, in the doing of which he is guilty of negligence, in the course of his employment." [McPeak v. Railroad, 128 Mo. 617.] And it is held that "A master is not liable for the tortious acts of the servant, done while in the performance of his servient duties, unless the act itself pertains to the service for which he is employed. The mere fact that the act is done by the servant with the intention of serving his master, is not sufficient to bring it within the scope of his employment." [Farber v. Railroad, 32 Mo. App. 378.]

While such is the well-established rule governing the relation of master and servant as to third persons, it does not apply in relation to the duties of the servant of the carrier of passengers. In such cases the liability of the carrier arises not out of the relationship of master and servant, but out of the relation of carrier and passenger. [O'Brien v. Transit Co., 185 Mo. 265.] It is the duty of a carrier of passengers to protect them against assaults. [McQuerry v. Railroad, 117 Mo. App. 255.] In a recent case decided by the St. Louis Court of Appeals, in an opinion by GOODE, J., it is held that: "It is the duty of a carrier to protect its passengers from assault by its agents so that a railroad company is liable for damages to a passenger assaulted by a brakeman employed as one of the train crew." [Keen v. Railroad, 124 Mo. App. 301.]

It would be a strange doctrine that would exonerate a carrier from liability for an assault on one of its passengers by one of its train crew on the ground, that while so doing he was not acting within the scope of his employment. It would be a violation of the universal

and just rule, that it is the duty of the carrier to protect its passengers against assaults even from third persons. How much more important it is that they should be held to protect them from the assaults of their own employees engaged in operating the train.

We have examined defendant's objections to the giving of certain instructions on behalf of plaintiff and the refusal of the court to give certain instructions as asked by defendant and find them to be without merit.

Finally it is contended that the evidence did not justify the court in submitting to the jury the question of punitive damages. Plaintiff's testimony shows that the assault was made upon plaintiff without any provocation on his part and that his injuries were of an aggravated character. The blow which he received at the hands of the motorman with the instrument named was violently and wantonly administered. It is held that, "In all actions of tort, whether for assault and battery, or for . . . where there are circumstances of oppression, malice or negligence, exemplary damages are allowed, not only to compensate the sufferer, but to punish the offender." [Buckly v. Knapp, 48 Mo. 152.] This is the invariable rule. Finding no error on the trial the cause is affirmed. All concur.