[No. 10556. Department One. November 25, 1912.]

THOMAS F. MARKS, *Respondent*, v. ALASKA STEAMSHIP COMPANY, *Appellant*.[1]

CARRIERS—ASSAULT ON PASSENGER—LIABILITY FOR ACTS OF SERVANT —DEFENSES—ACTS OUTSIDE SCOPE OF EMPLOYMENT. A passenger on a ship is entitled to absolute protection from assaults by employees, and the carrier cannot plead that the servant acted outside the scope of his employment.

SAME—DEFENSES. Where an employee and a passenger on a ship engaged in a fight, and later the employee returned and renewed the

[1]Reported in 127 Pac. 1101.

assault after being ordered below, the carrier is liable for the injuries then inflicted, and cannot plead as a defense that plaintiff voluntarily engaged in the encounter.

Appeal from a judgment of the superior court for King county, Gay, J., entered April 29, 1912, upon the verdict of a jury rendered in favor of the plaintiff, in an action by a passenger on a boat for an assault and battery by an employee. Affirmed.

*Bogle, Graves, Merritt & Bogle*, for appellant.

*Wm. Parmerlee* and *P. D. Hughes*, for respondent.

CHADWICK, J.—Plaintiff was a passenger on one of the defendant's boats plying between the city of Seattle and Alaska ports. One Hardy was an employee of the defendant company, a steerage waiter. Plaintiff and Hardy had some words in the first-class smoking room of the ship, followed by an assault on Hardy's part. Plaintiff was painfully and possibly seriously hurt. The combatants being separated by the purser of the ship, Hardy was ordered below and plaintiff admonished to go below and have his wounds dressed. After some demur, he started to go out of the saloon, when he was met by Hardy, who had threatened to return and "get" him, and was by him assaulted with an iron rod about two feet long and of the size of a man's finger. From a verdict in favor of plaintiff, defendant has appealed.

Motions for a directed verdict and a new trial were interposed, and their disposition is assigned as error. Inasmuch as these rulings depend upon a discussion of the two remaining assignments, they will not be further noticed. It is first contended that, inasmuch as Hardy was out of his place, that is, not engaged at the time in the performance of the particular duties to which he was assigned, the company is not liable; and further that, if Hardy was not engaged in the discharge of any of his duties and acted towards plaintiff "through malicious or vengeful feelings, the company is not liable unless it or its officers failed to afford the plaintiff

proper protection after receiving knowledge of the assault upon him, or had reasonable opportunity to receive such knowledge;" or, in other words, the appellant is only liable in case it was negligent in affording protection to the passenger after the assault was made, it being admitted that the particular duties assigned to Hardy did not take him to the smoking room occupied by first class passengers. Appellant admits that:

"As against the assaults and violence of his servants, the passenger has the right to claim an absolute protection, and the carrier will undoubtedly be held responsible for any unnecessary personal abuse or violence of which they may be guilty in their treatment of the passenger whilst engaged in the discharge of their assigned and appropriate duties, although such abuse may consist in an assault or battery upon the person of the passenger, and may be wholly unauthorized by the carrier and prompted by the vindictive feelings of the servant towards the passenger." 2 Hutchinson, Carriers (3d ed.), § 1093.

It is undoubtedly the rule that a carrier is ordinarily not responsible for the tortious acts of his servants unless the servant is engaged in the contract of carriage; or, as said above, "in the discharge of their assigned and appropriate duties;" but we cannot hold that the testimony brings appellant within the rule just quoted. Hardy was a servant upon the ship, and it was his duty at all times to treat the passengers with respect. Appellant by the act of employment vouched for his deportment during the voyage. A carrier owes a duty to every passenger to protect him from insult and assault. It is a part of the contract of carriage. *Caldwell v. Northern Pac. R. Co.*, 56 Wash. 223, 105 Pac. 625. As long as respondent was a passenger on appellant's ship, appellant owed him a duty of absolute protection from the assaults and aggressions of its servants, and the rule is well-nigh universal that the carrier cannot plead as a defense that the servant acted outside of the scope of his employment.

"Unwarrantable assaults upon passengers by the servants of the carrier are breaches of the implied contract of the carrier to convey the passenger *safely* to his destination, and, as such, impose a liability upon the carrier to pay damages. The principles of law applicable to the relations of master and servant do not fully define the rights, duties and obligations of carriers toward their passengers. They are not merely citizens, bearing towards each other merely the relations which one citizen bears to another. The carrier agrees to carry for hire the passenger from one place to another, and is responsible for any breach of the obligation thus assumed, in ill-usage of the passenger by himself or his employees. Passengers contract not only for room and transportation, but for good treatment, and it is the duty of the carrier to use due care and exertion to protect them from any degree of violence, abuse, or ill-treatment from other passengers, or the carrier's servants, or other persons coming on board during the trip." 3 Thompson, Law of Negligence, § 3184.

See, also, Id., §§ 3186, 3187; *Goddard v. Grand Trunk R. Co.*, 57 Me. 202, 2 Am. Rep. 39; *Shelby v. Metropolitan St. R. Co.*, 141 Mo. App. 514, 125 S. W. 1189; *Hayne v. Union St. R. Co.*, 189 Mass. 551, 76 N. E. 219, 109 Am. St. 655, 3 L. R. A. (N. S.) 605; *Dwinelle v. New York, C. & H. R. Co.*, 120 N. Y. 117, 24 N. E. 319, 17 Am. St. 611, 8 L R. A. 224; *Taillon v. Mears*, 29 Mont. 161, 74 Pac. 421; *St. Louis Southwestern R. Co. v. Johnson*, 29 Tex. Civ. App. 184, 68 S. W. 58; *Craker v. Chicago & N. W. R. Co.*, 36 Wis. 657, 17 Am. Rep. 504; *Birmingham R. & Elec. Co. v. Baird*, 130 Ala. 334, 30 South. 456, 89 Am. St. 43, 54 L. R. A. 752; and Hutchinson, Carriers, § 1093; Wyman, Public Service Corporations, § 935; Moore, Carriers, p. 831, where the adjudged cases are collected.

The next objection is that respondent voluntarily engaged in a fight with Hardy, and that a voluntary combatant must bear the consequences of his indiscretion. The testimony— and we have only the evidence submitted by the respondent to consider—is conflicting upon this point. The jury must have found that it was not so; but whether true or not, we

think the fact that the servant returned and renewed the assault after being ordered below by the purser furnishes ample grounds upon which to rest the verdict.

Judgment affirmed.

MOUNT, C. J., CROW, PARKER, and GOSE, JJ., concur.