OBIE BLEDSOE, by B. F. BLEDSOE, his next friend, Respondent, v. THOS. H. WEST, W. C. NIXON, and W. B. BIDDLE, Receivers of ST. LOUIS and SAN FRANCISCO RAILROAD COMPANY, Appellants.

Springfield Court of Appeals, December 12, 1914.

1. **CARRIERS: Assault by Station Agent: Scope of Employment.** Action by infant for damages on account of an assault committed on him by defendant's ticket agent. Plaintiff purchased a ticket from the agent at defendants' station and was endeavoring to induce agent to return him the proper change when he was assaulted by the agent. The assault was committed while the agent was acting within the scope of his employment and defendant was liable for same.

2. ————: **Passenger: When Relationship Begins: Purchase of Ticket at Station.** Plaintiff presented himself at defendants' depot expecting to take passage on defendants' train due in a short time. He purchased a ticket and was endeavoring to induce agent to give him his change when the agent assaulted him. Plaintiff was a passenger to whom defendant owed the duty to protect him from unlawful assaults by strangers and employees.

Bledsoe v. West.

3. **VERDICT: Binding Effect of.** The finding of a jury on controverted facts is binding on the appellate court.

4. **INSTRUCTIONS: Evidence.** Instructions must be founded on evidence.

5. ————: **Not Applicable to Case Made: Properly Refused.** Plaintiff was assaulted by defendants' ticket agent while purchasing a ticket for passage over defendants' record. An instruction to the effect that if the assault grew out of a personal difference and difficulty between plaintiff and defendants' agent, plaintiff could not recover, was properly refused on the ground that it was not applicable to the case made.

6. **DAMAGES: Assault: Excessive Damages.** A boy sixteen years of age was assaulted by defendants' station agent while purchasing a ticket from said agent. Evidence reviewed and circumstances considered. *Held,* that a verdict for a thousand dollars and five hundred dollars punitive damages was excessive as to the actual damages, which is reduced to five hundred dollars. [ROBERTSON, P. J., not agreeing.]

Appeal from Pemiscot County Circuit Court.—Hon. *Frank Kelly,* Judge.

AFFIRMED (*conditionally*).

*W. F. Evans, Moses Whybark* and *A. P. Stewart* for appellants.

(1) The act of the ticket agent in assaulting plaintiff was not within the scope of his employment, and did not pertain to his particular duties under that employment. Hartman v. Muehlebach, 64 Mo. App. 575; Collette v. Railway, 107 Mo. App. 711; Raming v. Railway, 157 Mo. 477; Drolshagen v. Railroad, 186 Mo. 258; Milton v. Railway, 193 Mo. 46. (2) The difficulty between plaintiff and the ticket agent was personal, and the assault was brought on by plaintiff's own misconduct; and in such situation the master cannot be held liable. O'Brien v. Transit Co., 185 Mo. 269; McQuerry v. Railroad, 117 Mo. App. 255; Mitchell v. Railroad, 125 Mo. App. 1. (3) The court erred in refusing to give instruction No. 3 for defendants. Plain-

tiff was not entitled to punitive damages. Mitchell v. Railways, 125 Mo. App. 1. (4) The verdict in respect of actual damages is so grossly excessive as to shock the sense of justice, and to show unmistakably that it was the result of prejudice or passion. Mitchell v. Railway, 125 Mo. App. 14; Haynes v. Trenton, 108 Mo. 134; Briscoe v. Railway, 222 Mo. 117-121; Stoetzele v. Swearingen, 90 Mo. App. 593; Marriott v. Railroad, 142 Mo. App. 202; Lorton v. Railroad, 159 Mo. App. 567. (5) Where the verdict bears on its face the impress of passion or prejudice, an appellate court not only has the power, but it is its duty, to order a remittitur, or reverse and remand for new trial. Taylor v. Railroad, 185 Mo. 260; Smoot v. Kansas City, 194 Mo. 523; Cook v. Printing Co., 227 Mo. 546; Clifton v. Railroad, 232 Mo. 715; Richardson v. Brick Co., 122 Mo. App. 532.

*C. G. Shephard* and *Everett Reeves* for respondent.

(1) The carrier is responsible for the malicious and wanton acts of its servants to a passenger, whether done in the line of his employment or not, if done during the discharge of his duty to the master which relates to the passenger. Such a carrier undertakes to protect the passenger against any injury arising from the negligence or willful misconduct of its servants while engaged in performing a duty which the carrier owes to the passenger. Flynn v. St. Louis Transit Co., 113 Mo. App. 185; Shelby v. Street Railway Co., 141 Mo. App. 514; Eads v. Street Railway Co., 43 Mo. App. 536; Roberts v. Railroad, 153 Mo. App. 638; Tanger v. Railroad, 83 Mo. App. 28; McLain v. Railroad, 131 Mo. App. 733; Keen v. Railroad, 129 Mo. App. 301; Farber v. Railroad, 116 Mo. 81. (2) The relation of carrier and passenger existed between plaintiff and the railroad company at the time plaintiff was as-

saulted. One who in good faith applies to an agent for a ticket, whether he actually buys the ticket or not, is a passenger, and is entitled to protection as a passenger before getting on the train; *a fortiori*, the relation of carrier and passenger existed between the respondent and appellants, because the respondent had actually purchased, or was in the act of purchasing, his ticket at the time he was assaulted by appellants' servant. Albin v. Railroad, 103 Mo. App. 308; 5 Am. & Eng. Ency. of Law (2 Ed.), p. 490; Fisk v. Railroad, 68 Wis. 469; Donavon v. Railroad, 65 Conn. 201; Gardner v. Railroad, 51 Conn. 143; Railroad v. Divinney, 66 Kan. 776; Railroad v. Nichols, 8 Kan. 505; Gordon v. Railroad, 40 Barb. (N. Y.) 546; Eaton v. Railroad, 57 N. Y. 382; Carpenter v. Railroad, 97 N. Y. 494; Buffet v. Railroad, 40 N. Y. 168; Poucher v. Railroad, 49 N. Y. 263; Merrill v. Railroad, 139 Mass. 238; Warren v. Railroad, 8 Allen (Mass.) 227; Hansley v. Railroad, 115 N. C. 602; Railroad v. Galliher, 89 Va. 639; Railroad v. Rector, 104 Ill. 296; Railroad v. O'Keefe, 168 Ill. 115; Bricker v. Railroad, 132 Pa. St. 1; Udell v. Railroad, 152 Ind. 507; Allender v. Railroad, 37 Iowa, 264; Railroad v. Messino, 1 Sneed (Tenn.) 220; Railroad v. State, 63 Md. 135; Railroad v. Best, 66 Tex. 116; Grimes v. Pennsylvania Co., 36 Fed. Rep. 72. (3) The difficulty between plaintiff and the ticket agent was not personal in a legal sense; the act of assaulting the plaintiff was ''done during the course of the discharge by the agent of his duty to the master which relates to the passenger,'' and it makes no difference whether or not the act of assault was in the line of the agent's employment. See authorities under (1) and (2). (4) The court properly refused instruction No. 3 offered by defendants for the reason punitive damages were proper under the facts in this case. Haehl v. Railroad, 119 Mo. 325; Hedge v. Railroad, 164 Mo. App. 291; Tanger v. Railroad, 85 Mo. App. 28; Shelby v. Street Railway Co., 141 Mo. App. 514. (5) The ver-

dict of the jury in respect of actual damages is not excessive. Hedge v. Railroad, 164 Mo. App. 291; Shelby v. Street Railway Co., 141 Mo. App. 514; Sampson v. Railroad, 156 Mo. App. 419; Moudy v. St. Louis D. B. & P. Co., 149 Mo. App. 413; Saller v. Friedman Bros. Shoe Co., 130 Mo. App. 712; Dean v. Railroad, 229 Mo. 425; Richardson v. Railroad, 223 Mo. 325.

ROBERTSON, P. J.—This action, against the receivers of the St. Louis and San Francisco Railroad Company, was brought to recover actual and punitive damages for an assault made upon plaintiff by defendants' ticket agent at Caruthersville. This appeal is by defendants from the result of the second trial in which a judgment was obtained by plaintiff for $1000 actual and $500 punitive damages. The first trial resulted in a judgment for $500 actual and $500 punitive damages. Both trials were to a jury and the court granted a new trial as to the first verdict on the ground that it was excessive. Whether the actual or punitive damages, or both, were considered excessive is not disclosed. The same judge who sustained the motion for a new trial as to the first verdict passed on and overruled a similar motion as to the verdict here involved.

The plaintiff, a small boy, sixteen years of age went to the defendants' depot in Caruthersville ten or fifteen minutes before train time for the purpose of taking passage on defendants' train to Holland. He went to the ticket window, called for and was delivered a ticket to that point by the man in charge. Plaintiff gave the agent fifty cents, the fare being thirty-eight cents. Plaintiff stood there a short time and remarked to the agent: "Say, partner, you forgot to give me my change." The agent replied: "I haven't got no pennies." The plaintiff waited a short time and then said: "Well, give me my dime then." The agent then retorted: "You heard what I said" and threw a metal stamp, used for stamping tickets, at plaintiff striking

him on the head. The agent then picked up an ink-stand as if to throw that, but on the suggestion of some one desisted. The testimony of the defendants' witnesses was to the effect that plaintiff used abusive language and thereby provoked the assault, but that question was submitted to the jury and found adversely to defendants.

The plaintiff pleads the facts as above stated and alleges that at said time the agent was acting within the line and scope of his employment.

The errors assigned are refusal to direct a verdict for defendant; giving and refusing instructions and excessive verdict.

It is said that the peremptory instruction should have been given (a) because the agent in making the assault "was not within the scope of his employment, and did not pertain to his particular duties under the employment," and (b) the difficulty was personal to the agent and was brought on by plaintiff's own misconduct.

It was the duty of the agent to sell tickets, collect the price therefor and return change received in so doing. In these transactions, and in baffling the plaintiff in his effort to secure his change, he was acting within the scope of his employment, and if as an incident thereto and a result thereof he committed a tort the master is liable. [Shamp v. Lambert, 142 Mo. App. 567, 574, 121 S. W. 770; Bouillon v. Laclede Gas Company, 148 Mo. App. 462, 473, 129 S. W. 401; Chandler v. Gloyd, 217 Mo. 394, 412, 116 S. W. 1073.]

Another valid reason for refusing the peremptory instruction is that the plaintiff assumed a burden greater than was necessary on his part. The plaintiff became a passenger when he went to the depot to take passage on defendants' train (Albin v. Chicago, Rock Island & Pacific Railway Co., 103 Mo. App. 308, 316, 77 S. W. 153) and, therefore, the defendants owed him

the duty of protecting him from unlawful assaults by strangers and its employees. [Shelby v. Metropolitan St. Ry. Co., 141 Mo. App. 514, 517, 125 S. W. 1189; Tanger v. Southwest Mo. Ry. Co., 85 Mo. App. 28, 31; Keen v. St. Louis, I. M. & S. R. Co., 129 Mo. App. 301, 307, 108 S. W. 1125; Farber v. Mo. Pac. Ry. Co., 116 Mo. 81, 91, 22 S. W. 613.] A sufficient answer to the second reason, (b), urged for the giving of the peremptory instruction is that the jury found the assumed fact therein stated against defendants.

The defendant complains of the refusal of the court to give an instruction to the effect that if the assault grew out of a personal difficulty between the agent and plaintiff that then he could not recover. The instruction was properly refused because it is shown by all of the testimony that it grew out of the business of the sale of a ticket, as above stated, and also the same hypothesis is included in an instruction given at the request of the defendants.

Defendants complain of the refusal of an instruction asked that stated plaintiff should not recover punitive damages. This, it is stated in the brief, should have been given because plaintiff used insulting language in his controversy with the agent, but all of his witnesses testified he did not, and the jury so found under an instruction given at the request of defendant. It was not error to refuse this instruction.

Lastly, it is said the verdict for actual damages is excessive. A gash about two inches in length was cut on plaintiff's head to the skull. He and his father testified that he had been unable to work; that he was nervous and could not sleep as before the injury. The doctor who first dressed the wound, called by defendants as a witness, testified that such a lick as this might result as plaintiff testified that it had. This doctor also said that an internal injury might be caused without a break of the skin and that complications might arise later that were not indicated soon after the injury.

Defendants cite, in support of this contention (Brisco
v. Metropolitan St. Ry. Co., 222 Mo. 104, 117-121, 120
S. W. 1162), where the plaintiff received a slight cut
on the chin and other alleged injuries the court was in-
clined to think were feigned, yet he was required to
reduce his judgment to only $3000. An examination of
the cases of Matriott v. Mo. Pac. Ry., 142 Mo. App.
199, 203, 126 S. W. 213; Lorton v. Wabash Ry. Co.,
159 Mo. App. 559, 567, 414 S. W. 478, cited by appel-
lants will disclose that the amount to which the judg-
ments were there reduced then exceeded in amount the
sum covered here and the injuries were probably less
than in this case. The verdict in this case is not, in
my opinion, so excessive as to require any interference
therewith (Dean v. Wabash Railroad, 229 Mo. 425, 457
and 458, 129 S. W. 953; Sampson v. St. Louis and San
Francisco Ry. Co., 156 Mo. App. 419, 138 S. W. 98;
Moudy v. St. Louis Dressed Beef & Provision Co., 149
Mo. App. 413, 130 S. W. 476) and that it should be un-
conditionally affirmed, but as the majority of the court
entertain a different view of this phase of the case, as
stated in a separate opinion by *Farrington* and *Stur-
gis, JJ.*, the judgment will be affirmed if the plaintiff,
within ten days after this date, will remit $500 of the
actual damages allowed him; otherwise the judgment
will be reversed and the cause remanded.

*Farrington* and *Sturgis, JJ.*, concur, except as to
the last paragraph relating to damages, and file a sepa-
rate opinion.

## SEPARATE OPINION.

FARRINGTON and STURGIS, JJ.—We concur
in the foregoing opinion, except as to the last para-
graph and think that the verdict of the jury is exces-
sive and that plaintiff should be required to remit the
actual damages to an amount not exceeding $500.

As stated, the trial court set aside the first verdict allowing $500 actual and $500 punitive damages as being excessive. It was stated at the argument that the trial judge refused to set aside the present verdict, though larger than the first one, on the ground that in setting aside the first verdict as being excessive he did so because it was against the weight of the evidence as to the amount and that the trial court was not allowed to grant a new trial a second time because the verdict is against the weight of the evidence. By reference to Chouquette v. So. E. R. Co., 152 Mo. 257, 266, 53 S. W. 897, and cases there cited, it is held that in setting aside a verdict because of being excessive or inadequate the court does not necessarily do so because against the weight of the evidence, but because the verdict is the result of passion or prejudice, or misconduct of the jury.

The two trials were only a few months apart. The evidence as to plaintiff's injuries is practically the same on the second trial as on the first. There is nothing in the evidence to show any new developments in the injuries, or any reason whatever for saying that the injuries were worse at the second trial than at the first. The plaintiff had received no medical attention or examination during the interval. The two physicians who testified had the same knowledge of his injuries at the first trial as at the second. Neither plaintiff nor his father claimed that any new symptoms had developed or that he was in any worse condition during the last two or three months than he was before. The physician who first examined him and dressed his wound testified positively that he made a careful examination and that the wound was only a flesh wound and no injury to the skull or brain resulted. The other physician dressed his wound four or five times, found nothing to indicate that it was more than a flesh wound, said that it healed rapidly and after ten days or two weeks the plaintiff received no medical attention what-

ever.  The blow did not knock plaintiff down and he stood around the depot four or five minutes, walked out the door alone and then went with a companion up town to have the wound dressed.  He returned to the train and went home without any assistance.  There is no claim for loss of wages.  The injury occurred in July and the plaintiff helped in gathering the cotton crop in September and October, and then attended school during the winter.  He increased in weight from the time of his injury to the second trial, about eight months, some thirteen or fourteen pounds.  The trial court did not submit the case on the measure of damages so as to allow the jury to find anything for permanent injury or future pain or suffering.  This was correct because the evidence did not justify any such submission.  The case was correctly tried on the theory that whatever injuries plaintiff had received were cured and that his pain and suffering was in the past.