

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JOSHUA K. KNUTSON and NATASHA ) 
KNUTSON, and the marital community ) No. 75565-0-I
composed thereof, and JOSHUA K. )
KNUTSON as Guardian Ad Litem for ) DIVISION ONE
K.K., a minor child, )
                   )
           Appellant, )
                   )
        v. )
                   )
MACY'S WEST STORES, INC., a )
foreign corporation; KEMPER )
DEVELOPMENT COMPANY, a )
Washington corporation; BELLEVUE )
SQUARE, LLC, a Washington limited )
liability company, )
                   ) PUBLISHED OPINION
          Respondents. )
_____ ) FILED: December 11, 2017
MACY'S WEST STORES, INC., an Ohio)
corporation, )
                   )
          Third Party )
          Plaintiff, )
                   )
        v. )
                   )
KEMPER DEVELOPMENT COMPANY, )
a Washington corporation; BELLEVUE )
SQUARE, LLC, a Washington limited )
liability company; SCHINDLER )
ELEVATOR CORPORATION, a )
Delaware corporation, )
                   )
          Third Party )
          Defendants. )
_____ )

BECKER, J. — Escalator owners and operators are common carriers who owe their passengers a nondelegable duty to act with the highest degree of care. When an escalator malfunctions due to negligent maintenance and causes personal injury, the owner and operator cannot escape liability on the theory that they lacked notice of the problem. They are vicariously liable for the negligence of the independent contractor hired to maintain the escalator. The trial court erred by dismissing the owner and operator on summary judgment.

Appellants Natasha Knutson and her husband and daughter were leaving a holiday performance at the Bellevue Square Mall on December 6, 2012. They rode up an escalator located directly outside of a Macy's department store. Knutson and her daughter were among seven persons physically injured when one of the escalator steps jammed. The escalator had several fail-safe mechanisms designed to shut it off in this situation, but due to poor maintenance, the fail-safes did not activate and the escalator continued to run. According to witnesses, there was a screeching noise, steps began piling up, and the escalator collapsed within itself.

The respondents in this appeal are the company that owns the Macy's store and the companies that own the mall and escalator: Macy's West Stores Inc, Kemper Development Company, and Bellevue Square LLC. We will refer to them as Macy's and Kemper. Macy's contracted with Schindler Elevator Corporation to service and maintain the escalator.

2

The Department of Labor and Industries investigated the incident. An inspector found that screws, bolts, and brackets were loose on the skirt panel, which caused the panel to get in the way of the escalator steps. Schindler had failed to maintain proper maintenance logs and had not performed required maintenance for an extended period of time. Also, the escalator had a history of mechanical issues such as vibrating, shaking, and emitting grinding sounds and smoke. Chief Elevator Inspector Jack Day concluded that a lack of maintenance and inaccurate escalator safety testing procedures led to the malfunction. His opinion was confirmed by Lerch Bates, an engineering firm hired by Kemper to conduct an independent investigation. Stephen Carr, an expert witness retained by the Knutsons, similarly concluded that the accident was caused by Schindler's failure to recognize obvious equipment defects that "would have been apparent to any reasonably trained escalator mechanic." In short, it is undisputed that neglectful maintenance of the escalator caused the injuries.

The Knutsons sued Macy's and Kemper for damages. Macy's and Kemper moved successfully for summary judgment. This appeal followed.

This court reviews an order of summary judgment de novo, considering the facts in the light most favorable to the nonmoving party. Tinder v. Nordstrom, Inc., 84 Wn. App. 787, 791, 929 P.2d 1209 (1997).

A common carrier owes the highest degree of care toward its passengers commensurate with the practical operation of its services at the time and place in question. Price v. Kitsap Transit, 125 Wn.2d 456, 465, 886 P.2d 556 (1994).

Owners and operators of escalators are common carriers. <u>Dabroe v. Rhodes Co.</u>, 64 Wn.2d 431, 434, 392 P.2d 317 (1964).

Macy's and Kemper contend they cannot be held vicariously liable for negligent maintenance by Schindler because Schindler was an independent contractor, not an employee. They are mistaken. Delegating maintenance to an independent contractor does not relieve owners and operators of escalators from the high degree of care they, as common carriers, owe to their passengers. Common carriers have historically been held vicariously liable for injuries to their passengers based upon a nondelegable duty of care. <u>Niece v. Elmview Group Home</u>, 131 Wn.2d 39, 54, 59, 929 P.2d 420 (1997), citing <u>Marks v. Alaska S.S. Co.</u>, 71 Wash. 167, 127 P. 1101 (1912).

In <u>Niece</u>, 131 Wn.2d at 55, the court favorably quoted the *Restatement (Second) of Agency* § 214 (1958), which states the vicarious liability that may arise when a principal delegates the performance of its duty of care to an agent:

> "A master or other principal who is under a duty to provide protection for or to have care used to protect others or their property and who confides the performance of such duty to a servant or other person is subject to liability to such others for harm caused to them by the failure of such agent to perform the duty."

When a principal's duty of care is nondelegable, it cannot be satisfied merely by using due care in the selection of a contractor. It is satisfied "if, and only if, the person to whom the work of protection is delegated is careful in giving the protection." RESTATEMENT (SECOND) OF AGENCY § 214 cmt. a (1958). Thus, a nondelegable duty requires the person upon whom it is imposed "'to answer for it that care is exercised by anyone, even though he be an independent contractor,

4

to whom the performance of the duty is entrusted.'" Millican v. N.A. Degerstrom, Inc., 177 Wn. App. 881, 891, 896-97, 313 P.3d 1215 (2013), quoting RESTATEMENT (SECOND) OF TORTS, ch. 15, topic 2 introductory note (1965), review denied, 179 Wn.2d 1026 (2014). An actor who owes a nondelegable duty is permitted to delegate the activity to an independent contractor but will remain vicariously liable for the contractor's tortious conduct in the course of carrying out the activity. Millican, 177 Wn. App. at 896, citing RESTATEMENT (THIRD) OF TORTS: LIABILITY FOR PHYSICAL AND EMOTIONAL HARM § 57 cmt. b (2012).

Contrary to the argument of respondents, vicarious liability for the negligence of a contractor is not strict liability. A plaintiff who brings a negligence claim for injury on an escalator must make a prima facie showing of negligence. Tinder, 84 Wn. App. at 791. Summary judgment was properly granted in Tinder when the plaintiff relied solely on a theory of res ipsa loquitur to raise an inference of negligence. In contrast, the Knutsons did make a prima facie showing of negligence with their evidence that Schindler's servicing of the escalator was shoddy. Thus, the Knutsons are not seeking to have negligence presumed from the mere happening of the malfunction.

Macy's and Kemper contend Dabroe limits their common carrier duty to malfunctions or defects of which they had notice. They misread Dabroe.

In Dabroe, a department store escalator came to a sudden stop as a result of a small boy getting the toe of his tennis shoe wedged in the side. Dabroe, 64 Wn.2d at 432. A woman riding the escalator was injured. Dabroe, 64 Wn.2d at 432. The defendant owner and operator were aware of four instances within the

previous year of children's footwear being caught in the sides of the escalator. Dabroe, 64 Wn.2d at 435 n. 4. The plaintiffs' theory was that the defendants were negligent for failing to post warning signs and failing to equip the escalator with a switch that would produce a sliding stop instead of a jerk when it jammed. Dabroe, 64 Wn.2d at 435.

The Supreme Court reversed a defense verdict on the ground that the instructions failed to apprise the jury of the plaintiffs' theory of negligence. Dabroe, 64 Wn.2d at 435. Prejudicial error occurred when the trial court refused to give the following instruction requested by the plaintiffs: "'It was the duty of the Defendants to exercise the highest degree of care consistent with the practical operation of its escalator to protect its passengers from the danger of injury *from malfunctions or defects of which they knew or should have anticipated from facts and circumstances known to them*.'" Dabroe, 64 Wn.2d at 433 (emphasis added).

Respondents contend the emphasized portion of the instruction quoted above shows they cannot be held liable for the Knutsons' injuries if they had no notice or knowledge of any defects in the escalator. They emphasize that the escalator failed due to what they describe as "latent" defects, i.e., loose internal screws and missing nuts that could only be discovered through internal inspection of the conveyance. What respondents overlook is that Dabroe did not involve a claim of negligent maintenance performed by an agent. The emphasized language was necessary in Dabroe to support the plaintiffs' theory in that particular case—the defendants' failure to warn passengers and properly

6

equip the escalator. The language requiring notice was not intended to be part of an all-purpose instruction appropriate in every escalator case. It is not appropriate in the present case. The plaintiffs' theory is that the owner and operator breached their high duty of care by failing to keep the escalator properly maintained. This breach, though committed by an independent contractor, is imputed to the owner and operator of the escalator.

If Schindler's neglectful maintenance caused the Knutson's injuries, it is immaterial that Macy's and Kemper were unaware of the loose screws and missing nuts. It is immaterial that escalator repair, by law, must be carried out by a licensed technician like Schindler. Macy's and Kemper are vicariously liable for Schindler's negligence the same as they would be if their own employees had been licensed to maintain the escalator and had been negligent in doing so.

Kemper, citing principles of premises liability, attempts to deflect liability to Macy's by arguing Macy's "was in complete control and possession of the demised premises as well as the escalator on the date that the subject incident occurred." But the issue in this appeal is whether Kemper can be held liable as a common carrier, not as an owner of premises. Because sufficient evidence establishes that Kemper was at least the owner of the escalator if not also the operator, Kemper is held to the same standard as Macy's. Both owe the same nondelegable common carrier duty to passengers on the escalator. Both are vicariously liable for Schindler's acts and omissions.

Kemper moves to strike from the record any references to the Lerch Bates report. The motion is denied. The report was among the materials considered

7

by the trial court with no objection noted. We express no opinion as to the report's admissibility at trial.

Reversed.

Becker, J.

WE CONCUR:

_____

Appelwick, J.